**John PANOS, Plaintiff and Appellant,**

**v.**

**SMITH'S FOOD & DRUG CENTERS, INC., Defendant and Appellee.**

**No. 950286–CA.**

Court of Appeals of Utah.

March 7, 1996.

Gordon K. Jensen, Lehman, Jensen & Donahue, L.C., Salt Lake City, for Plaintiff and Appellant.

Stephen G. Morgan and Mitchell T. Rice, Morgan & Hansen, Salt Lake City, for Defendant and Appellee.

Before BENCH, BILLINGS, and WILKINS, JJ.

OPINION

BILLINGS, Judge:

Plaintiff, John Panos, appeals from the trial court's dismissal of his complaint based on the court's conclusion that a prior dismissal of this case was a dismissal with prejudice pursuant to Rule 41(b) of the Utah Rules of Civil Procedure. We reverse.

---

## FACTS

On or about February 21, 1991, Panos filed a complaint against Smith's Food & Drug Centers, Inc. for injuries resulting from an alleged slip and fall in a Smith's grocery store. After approximately nine months of inactivity, Judge Richard H. Moffat, pursuant to Rule 4–103 of the Utah Code of Judicial Administration, requested both parties to appear on December 11, 1991 to show cause as to why the case should not be dismissed for failure to prosecute. After presumably finding good cause not to dismiss the case, Judge Moffat ordered, "Counsel have until March 11, 1992 to settle this case or file a Certificate of Readiness for Trial. If neither are done, the case will be dismissed without further notice to counsel." On March 11, 1992, neither requirement had been met, and Judge Moffat entered an Order of Dismissal. The Order did not indicate whether the dismissal was with or without prejudice, or pursuant to Rule 41(b) of the Utah Rules of Civil Procedure or Rule 4–103 of the Utah Code of Judicial Administration.

Shortly thereafter, plaintiff's counsel withdrew and Plaintiff retained new counsel. Plaintiff's new counsel, unaware of the previous Order of Dismissal, proceeded with the case and completed a significant amount of discovery. Smith's filed a motion for summary judgment on liability issues, and a hearing was scheduled before Judge Ronald O. Hyde, sitting in for Judge Moffat. During this hearing, Judge Hyde informed counsel of Judge Moffat's prior dismissal of the case on March 11, 1992. In response, plaintiff filed a Motion to Vacate the Court's Order of Dismissal. At a subsequent hearing, Judge Hyde denied plaintiff's motion.

On June 30, 1994, plaintiff filed a second complaint relating to the injuries arising from the alleged slip-and-fall incident, which case was assigned to Judge Anne Stirba. Smith's responded by filing a Motion to Dismiss, asserting that plaintiff's claims were previously ordered dismissed with prejudice under Rule 41(b). Judge Stirba granted Smith's Motion to Dismiss, concluding Judge Moffat's Order of Dismissal was under Rule 41(b) and therefore with prejudice. Plaintiff appeals from the dismissal of his second complaint.

## ANALYSIS

Plaintiff argues Judge Moffat's Order of Dismissal was without prejudice as there was no express mention that the dismissal was with prejudice or pursuant to Rule 41(b). Conversely, Smith's claims the dismissal was pursuant to Rule 41(b) because plaintiff failed to comply with a court order.

A trial court may dismiss a case with prejudice under Rule 41(b) for failure to prosecute. Rule 41(b) provides, in relevant part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

Utah R.Civ.P. 41(b).

Although the express language of Rule 41(b) states a defendant must bring a motion to dismiss to enforce a court order, we have ruled that a court may dismiss a claim sua sponte, without a motion by the defendant. "The language in Rule 41(b) merely permits, not requires, a motion by defendant.... 'In dismissing an action for want of prosecution, the court may proceed under [Rule 41(b) ], or it may, of its own motion, take action to that end.'" *Charlie Brown Constr. Co. v. Leisure Sports,* 740 P.2d. 1368, 1370 (Utah App.1987) (alteration in original) (quoting *Brasher Motor & Fin. Co. v. Brown,* 23 Utah 2d 247, 248, 461 P.2d 464, 464–65 (1969)). Therefore, under Rule 41(b), a trial court may dismiss claims with or without prejudice absent a motion by defendants.

However, in the instant case, the trial court failed to expressly indicate in its Order that it was dismissing the case pursuant to Rule 41(b) or with prejudice. We refuse to

apply the Rule 41(b) presumption in favor of dismissal with prejudice when the trial court has failed to explicitly identify that it is dismissing the case pursuant to Rule 41(b), or at least indicate that it is dismissing the case with prejudice. If a trial court wishes to dismiss a case with prejudice for failure to prosecute, the trial court must expressly indicate that dismissal is with prejudice or pursuant to Rule 41(b). Otherwise, we assume the dismissal was without prejudice under Rule 4–103(2) of the Utah Code of Judicial Administration.[1]

We therefore reverse the trial court's grant of Smith's Motion to Dismiss and remand to the trial court for further proceedings consistent with this opinion.

BENCH and WILKINS, JJ., concur.

1. For internal case management reasons, Rule 4–103(2) provides for dismissal as follows:

> (2) If a certificate of readiness for trial has not been served and filed within 180 days of the filing date, the clerk shall mail written notification to the parties stating that absent a showing of good cause by a date specified in the notification, the court shall dismiss the case without prejudice for lack of prosecution.

Utah Code Jud.Admin. R4–103(2).