**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 06 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MAREN EQUIPMENT LEASING, INC., a California Corporation, and GARY E. SMITH, an individual, | No. 13-56922 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-08244-BRO-VBK |
| and | |
| ELLIOT MASON, an individual, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| DHL EXPRESS (USA), INC., an Ohio Corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted January 4, 2016[**]
Pasadena, California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

**1.** The district court correctly held that this action is barred by the doctrine of res judicata. The Utah state court dismissed the earlier lawsuit brought by appellants Maren Equipment Leasing, Inc., and Gary Smith under Rule 41(b) of the Utah Rules of Civil Procedure. The order dismissing that lawsuit did not need to expressly state that the dismissal was with prejudice. The court summarily granted an unopposed motion to dismiss for failure to prosecute, and the motion cited Rule 41(b) as the basis for dismissal. Thus, unlike in *Panos v. Smith's Food & Drug Centers, Inc.*, 913 P.2d 363, 364–65 (Utah Ct. App. 1996), there is no uncertainty here as to whether the court dismissed the action under Rule 41(b) as opposed to some other source of authority. When a court grants involuntary dismissal under Rule 41(b) and does not indicate whether it is with or without prejudice, "it is assumed that the dismissal is with prejudice." *Alvarez v. Galetka*, 933 P.2d 987, 990 (Utah 1997). And Rule 41(b) expressly provides that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits." Utah R. Civ. P. 41(b).

The order dismissing the earlier lawsuit with prejudice constitutes a final adjudication. At the time the order was entered, claims involving other parties remained pending, thus precluding entry of final judgment disposing of the entire action. But not long after, the remaining parties settled their claims and stipulated to dismissal of all remaining claims with prejudice. (Under Federal Rule of Evidence 201(b)(2), we may take judicial notice of the Utah state court's order even though the parties did not include it in the record.) Once all claims in the action had been dismissed with prejudice, the Utah state court's adjudication unquestionably became final.

Contrary to appellants' contention, the Utah state court did not need to enter a separate judgment or order disposing of their claims to render the adjudication "final." The Utah state court's memorandum decision granting involuntary dismissal of appellants' claims expressly stated that no further order needed to be submitted by the defendant to memorialize the court's rulings. The decision stated: "This Memorandum Decision will stand as the Order of the Court."

**2.** Appellants cannot avoid application of the res judicata doctrine merely by asserting that DHL should have asserted the defense earlier in the litigation. Appellants had to show that they were prejudiced by DHL's assertion of the defense for the first time on summary judgment. *See Owens v. Kaiser Found.*

*Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). But appellants never made any such showing in the district court, and they certainly have not done so on appeal. They assert only that they would have conducted additional discovery had DHL asserted the defense earlier, without identifying any discovery they would have taken or why it would have been relevant to rebutting the defense. Moreover, if appellants had truly believed that taking additional discovery was necessary to respond to DHL's summary judgment motion, they could have requested an opportunity to pursue such discovery under Federal Rule of Civil Procedure 56(d).

**3.** We have considered appellants' remaining contentions and find them to be without merit for the reasons stated by the district court.

**AFFIRMED.**