*This opinion is subject to revision before final publication in the Pacific Reporter*

**2016 UT 42**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

TERRY HOLMES,
*Appellant,*

*v.*

CHRIS CANNON,
*Appellee.*

No. 20150238
Filed September 8, 2016

On Appeal of Interlocutory Order

Third District, Salt Lake Dep't
The Honorable Laura Scott
No. 140905719

Attorneys:

Victor A. Sipos, Salt Lake City, for appellant

Phillip E. Lowry, Bryson R. Brown, Salt Lake City, for appellee

JUSTICE DURHAM authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE HIMONAS, and JUSTICE PEARCE joined.

JUSTICE DURHAM, opinion of the Court:

## INTRODUCTION

¶1 In *Panos v. Smith's Food & Drug Centers, Inc.*, 913 P.2d 363 (Utah Ct. App. 1996), the court of appeals held that when a judge issues an order dismissing a case for failure to prosecute, but fails to explicitly provide that the case is dismissed with prejudice or pursuant to Utah Rule of Civil Procedure 41(b), the presumption is that the case is dismissed without prejudice.

¶2 Today we overrule *Panos*, concluding it was incorrectly decided. The plain language of rule 41(b) is clear that the presumption of prejudice applies broadly in most cases, including not only to cases where the judge specifies reliance on rule 41(b), but

also to "any dismissal[s] not provided for in this rule." There are limited exceptions to the rule's presumption, including when a judge "otherwise specifies" that the case is not dismissed with prejudice.

¶3   Because we determine that the appellee in this matter is unable to establish reliance on the *Panos* decision for purposes of prospective application of our holding, we decline to afford it.

## BACKGROUND

¶4   This litigation initially began twelve years ago, when Chris Cannon filed a lawsuit against the defendant individuals and companies he alleges are responsible for several tort and contract violations associated with an investment gone wrong. *See Ted Knodel v. Terry Holmes*, Civ. No. 040918738 (Utah 3rd D. Ct. August 22, 2013). After the case languished for several years, the district court issued an order requiring "the parties to appear . . . and show cause why this case should not be dismissed for failure to prosecute. By failing to appear, the Court will enter an order of dismissal without further notice." Neither side's counsel appeared at the hearing, and the district court dismissed the case: "No parties present. The Court orders this case be dismissed." The judge did not indicate under which rule the case was to be dismissed.

¶5   Mr. Cannon did not attempt to set aside the dismissal, but rather filed a new action in the district court, asserting the same claims against the same defendants. Defendants filed a 12(b)(6) motion to dismiss, arguing that the dismissal operated as a dismissal with prejudice under rule 41(b). Mr. Cannon opposed the motion, arguing that rule 4-103(2) of the Utah Code of Judicial Administration presumes that failure-to-prosecute dismissals are dismissed without prejudice and citing the court of appeals' decision in *Panos v. Smith's Food & Drug Centers, Inc.*, 913 P.2d 363 (Utah Ct. App. 1996).

¶6   The district court judge held a hearing on the defendants' 12(b)(6) motion to dismiss and then denied the motion, finding the *Panos* decision controlling. We granted defendants' petition for an interlocutory appeal pursuant to Utah Code section 78A-3-102(3)(j), and the district court stayed the action pending the outcome of this appeal. We review the district court's interpretation of our rules of procedure for correctness. *Simler v. Chilel*, 2016 UT 23, ¶ 9, -- P.3d -- ("[T]he district court's interpretations of . . . rules of procedure are questions of law reviewed for correctness." (second alteration in original) (citation omitted)).

## ANALYSIS

### I. *PANOS* INCORRECTLY RELIED ON RULE 4-103(2) OF THE UTAH CODE OF JUDICIAL ADMINISTRATION RATHER THAN RELYING ON UTAH RULE OF CIVIL PROCEDURE 41(B)

¶7    Utah Rule of Civil Procedure 41(b) is our rule on the effect of involuntary dismissals and provides in part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant[1] may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

¶8    We have interpreted "adjudication on the merits" to mean that the case is dismissed with prejudice—i.e., the plaintiff is barred from re-filing the same claim in the same court. *See Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 2012 UT 66, ¶¶ 22-23, 289 P.3d 502. Therefore, a case is presumptively dismissed with prejudice unless it falls under an exception. *See Alvarez v. Galetka*, 933 P.2d 987, 990 (Utah 1997) ("[I]t is a general rule that if a court grants an involuntary dismissal and does not specify whether it is with or without prejudice, it is assumed that the dismissal is with prejudice.").

¶9    The rule enumerates three express exceptions: lack of jurisdiction, improper venue, and lack of an indispensable party. *Horne*, 2012 UT 66, ¶ 23. "[T]he exceptions enumerated in rule 41 are

---

[1] Although the rule provides that "a defendant" may move for dismissal, courts have the inherent power to dismiss cases *sua sponte*. *See Wilson v. Lambert*, 613 P.2d 765, 768 (Utah 1980) ("[T]he court retains inherent power to dismiss an action [under rule 41(b)] for failure to prosecute pursuant to its own motion."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629, 630-631 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. . . . The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

[not] exhaustive. . . . The rule's list of non-preclusive dismissals . . . simply illustrates the types of dismissals that do not preclude further litigation." *Id.* The dismissals mentioned are illustrative of non-preclusive dismissals as they all "result[] from an 'initial bar' to the court's adjudication of the parties' claims and defenses." *Id.* ¶ 24 (citation omitted); *cf. Alvarez*, 933 P.2d at 991 (describing the general rule that dismissals under rule 12(b)(6) are not preclusive and "the court normally will give plaintiff leave to file an amended complaint" (citation omitted)).

¶10 Additionally, district court judges maintain discretion to dismiss without prejudice when they choose to "otherwise specif[y]" that result. *See Donahue v. Smith,* 2001 UT 46, ¶ 8 n.3, 27 P.3d 552 ("[U]nder rule 41(b) the district court was not required to dismiss plaintiff's complaint with prejudice. Rule 41(b) provides that, 'Unless the court in its order for dismissal provides otherwise, a dismissal under this subdivision . . . operates as an adjudication upon the merits.' Under the rule, it would not have been error for the district court to provide in its order that plaintiff's complaint be dismissed without prejudice." (second alteration in original)).

¶11 As in this case, *Panos v. Smith's Food & Drug Centers, Inc.,* 913 P.2d 363 (Utah Ct. App. 1996), involved a dismissal for failure to prosecute. The judge's order for dismissal "did not indicate whether the dismissal was with or without prejudice, or pursuant to Rule 41(b) of the Utah Rules of Civil Procedure or Rule 4-103 of the Utah Code of Judicial Administration."[2] *Id.* at 364. After dismissal, the plaintiff filed a new complaint against the defendant. The defendant filed a motion to dismiss, arguing that under rule 41(b), the case was dismissed with prejudice. *Id.*

---

[2] The *Panos* opinion recites that the original notice to appear in that case was "pursuant to Rule 4-103," but references a later order as follows: "After presumably finding good cause not to dismiss the case [on the first order]," the court ordered "counsel to settle [the] case or file a Certificate of Readiness for Trial." 913 P.2d at 364. "If neither are done, the case will be dismissed without further notice. . . ." *Id.* Thus, it is arguable, although not clear, that the ultimate dismissal in *Panos* was in a rule 4-103 proceeding and entitled to be treated as without prejudice. Notwithstanding that argument, the language of *Panos* does not reference it when it concludes, "If a trial court wishes to dismiss a case for failure to prosecute, the trial court must expressly indicate that dismissal is with prejudice or pursuant to Rule 41(b). Otherwise, we assume the dismissal was without prejudice under Rule 4-103(2) of the Utah Code of Judicial Administration." *Id.* at 365 (footnote omitted).

¶12 The court of appeals "refuse[d] to apply the Rule 41(b) presumption in favor of dismissal with prejudice when the trial court has failed to explicitly identify that it is dismissing the case pursuant to Rule 41(b), or at least indicate that it is dismissing the case with prejudice." *Id.* at 364–65. The court determined that in this situation, "we assume the dismissal was without prejudice under Rule 4-103(2) of the Utah Code of Judicial Administration." *Id.* at 365.

¶13 Rule 4-103(2) provides that

> [i]f a certificate of readiness for trial has not been served and filed within 330 days of the first answer, the clerk shall mail written notification to the parties stating that absent a showing of good cause by a date specified in the notification, the court shall dismiss the case without prejudice for lack of prosecution.

Because rule 4-103(2) provides that the case is dismissed without prejudice, the court of appeals resolved the apparent conflict between rules 41(b) and 4-103(2) by determining that rule 4-103(2) is the default rule and that "[i]f a trial court wishes to dismiss a case with prejudice for failure to prosecute, the trial court must expressly indicate that dismissal is with prejudice or pursuant to Rule 41(b)." *Panos*, 913 P.2d at 365.

¶14 The problem is that the *Panos* interpretation of rule 41(b) and rule 4-103 reverses the presumption contained in the plain language of rule 41(b). Rule 41(b) presumes that all involuntary dismissals—whether falling under rule 41(b) or *any other rule*—are dismissed with prejudice, unless the dismissal falls under one of the "initial bar" exceptions or the judge "otherwise specifies." In *Panos*, as in this case, the judge did not "otherwise specify" that the case was to be dismissed without prejudice, nor did the case fall under one of the exceptions. Therefore, we overrule *Panos* and hold that involuntary dismissals are presumptively dismissed with prejudice unless the judge otherwise specifies or the case falls under an exception.[3]

---

[3] Article VIII, section 4 of the Utah Constitution gives the Utah Supreme Court the power to "adopt rules of procedure and evidence to be used in the courts of the state." In Article VIII, section 12 the Judicial Council is empowered to adopt rules for the "administration of the courts of the state." The Code of Judicial Administration, in which rule 4-103(2) appears, has been promulgated in accordance with that authority. Rule 4-103 is contained in "Article I. Calendar Management" of the rules, and is titled "Civil Calendar

## II. WE DECLINE TO APPLY OUR DECISION ONLY PROSPECTIVELY

¶15 The general rule of retroactivity in a civil case is that "the ruling of a court is deemed to state the true nature of the law both retrospectively and prospectively." *Monarrez v. Utah Dep't of Transp.*, 2016 UT 10, ¶ 28, 368 P.3d 846 (citation omitted).[4] However, we will deviate from the default rule of retroactivity and apply our decision prospectively only when two requirements are met. First, the ruling must "result [from] a change in the law" that "significantly alter[s] the legal landscape by ending or overruling a relied-upon practice." *Id.* But it is not enough to make a "bare assertion . . . that our decision overrules prior cases," *id.* (alteration in original) (citation omitted), because the party seeking prospective application of the ruling must also show either "justifiable reliance on the prior state of the law," or that retroactive application would create an undue burden. *Id.* (citation omitted). We conclude that the second requirement is not met in this case.

¶16 As to the first requirement that the ruling "significantly alter[s] the legal landscape by ending or overruling a relied-upon

---

Management." Its intent is "to establish a procedure which allows the trial courts to manage civil case processing," and, according to the court of appeals in *Meadow Fresh Farms, Inc. v. Utah State Univ. Dep't of Agric. & Applied Sci.*, "merely codifies . . . an inherent power of the trial court to dismiss a case sua sponte for lack of prosecution under Rule 41(b)." 813 P.2d 1216, 1218 n.3 (Utah Ct. App. 1991).

The difficulty, unrecognized by the court of appeals in *Panos*, is that the portion of rule 403(2) providing that "the court shall dismiss the case without prejudice" cannot alter the requirement in rule 41(b) that the order of dismissal must specify on its face that it is without prejudice to avoid the presumption that the dismissal is on the merits. The Judicial Council has no authority to override a rule of civil procedure. Thus, even though rule 403(2) on its face purports to give trial judges the power to dismiss for lack of prosecution *only without prejudice*, trial judges cannot properly exercise that power without complying with rule 41(b)'s "otherwise specifies" language.

The difficulty in the future can be easily resolved by amending rule 4-103 to require that all dismissals entered pursuant to the rule must contain the language "without prejudice," and by developing forms consistent with that requirement.

[4] The presumption is reversed for statutes, where the general rule is that "[a] provision of the Utah Code is not retroactive, unless the provision is expressly declared to be retroactive." UTAH CODE § 68-3-3.

practice," our decision today overrules the court of appeals' decision in *Panos v. Smith's Food & Drug Centers, Inc.*, 913 P.2d 363 (Utah Ct. App. 1996). As discussed in Part I *supra*, *Panos* held that unless the trial court explicitly says the dismissal is with prejudice or pursuant to rule 41(b), it is dismissed without prejudice. Today we "significantly alter the legal landscape" by reversing what was a clear interpretation of a rule of civil procedure—made by an appellate court—and determine that if an order of dismissal is silent, it is dismissed with prejudice as required by rule 41(b).

¶17 As to the second requirement, the party requesting prospective application must show either "'justifiable reliance on the prior state of the law' or that 'the retroactive operation of the new law may otherwise create an undue burden.'" *Monarrez*, 2016 UT 10, ¶ 28. Mr. Cannon does not argue that overruling *Panos* will create an undue burden; therefore, we focus exclusively on whether he justifiably relied on *Panos*'s clear interpretation of Utah Rule of Civil Procedure 41(b) and Utah Rule of Judicial Administration 4-103.

¶18 We have held that "[l]itigants ought to be able to rely on our constructions of our rules and statutes. . . ." *Carter v. Lehi City*, 2012 UT 2, ¶ 15, 269 P.3d 141. In *Carter*, a group of voters wanted to amend city ordinances through the initiative process. After the city council declined to include the initiatives on the ballot, the group filed a petition for an extraordinary writ. The relevant statute required the group to file its petition "'within 10 days after the refusal' of the initiative by the 'local clerk.'" *Id.* ¶ 11. The group filed its petition on the eleventh day. However, we had earlier held, in *Low v. City of Monticello*, 2002 UT 90, 54 P.3d 1153, that Utah Rule of Civil Procedure 6(e) extended the ten-day period by an additional three days to account for mail service, which would have made the group's petition timely, a ruling on which petitioners specifically relied in calculating their time. Oral Argument at 1:44 – 4:04, Carter v. Lehi City, 2012 UT 2, 269 P.3d 141 (No. 20110482), https://www.utcourts.gov/opinions/streams/sup/.

¶19 We overruled *Low* to the extent that it "adopted a construction of rule 6(e) that is contrary to its text. Rule 6(e) has no application to the ten-day filing requirement for extraordinary writs . . . as the statutory period is triggered by *refusal* of an initiative and not its *service* to a party." *Carter*, 2012 UT 2, ¶ 15. However, if we had followed the general rule in *Carter* and applied this ruling retroactively, it would have "result[ed] in dismissal of the petition as untimely." *Id.* ¶ 14. We therefore did not extend this holding retroactively with respect to the group of voters in *Carter* because we determined that "[l]itigants ought to be able to rely on our

constructions of our rules and statutes. . . ." *Id.* ¶ 15. And where we had previously clearly interpreted one of our rules to apply in this specific situation and the petitioner had actually relied on that interpretation, we held that the group was "entitled to rely on our opinion in *Low* and should not be punished for accepting it as controlling so long as it stood unreversed." *Id.*

¶20 Unlike the petitioners in *Carter*, Mr. Cannon has not asserted on appeal nor demonstrated in the record any decision or act undertaken or not pursued in reliance on *Panos*. He has not even asserted that he was aware of the *Panos* decision until the motion to dismiss was filed in this case. Absent such a demonstration of justified reliance, his argument for prospective-only application of our decision must fail.

## CONCLUSION

¶21 Today we overrule *Panos v. Smith's Food & Drug Centers, Inc.*, 913 P.2d 363 (Utah Ct. App. 1996), and hold that the plain text of Utah Rule of Civil Procedure 41(b) controls whether a case is dismissed with or without prejudice. Because the district court judge in this case did not specify that the case was to be dismissed without prejudice, and this case does not fall within an exception to rule 41(b), the case should have been dismissed with prejudice. Further, we hold that in the absence of a showing of reliance on the court of appeals earlier opinion in *Panos*, Mr. Cannon is not entitled to a prospective-only application of our ruling.

———————