**2024 UT App 42**

## THE UTAH COURT OF APPEALS

HEATHER LEBARON,
Appellant,
*v.*
DOCTORS AND MERCHANTS CREDIT, INC.,
Appellee.

Opinion
No. 20210518-CA
Filed March 28, 2024

Fifth District Court, Cedar City Department
The Honorable Matthew L. Bell
No. 200500113

Daniel M. Baczynski, Attorney for Appellant

Gregory M. Constantino, Attorney for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
SENIOR JUDGE RUSSELL W. BENCH concurred.[1]
JUSTICE JILL M. POHLMAN concurred in part
and dissented in part, with opinion.[2]

ORME, Judge:

¶1      Heather LeBaron challenges the district court's grant of
summary judgment in favor of Doctors and Merchants Credit, Inc.
(Doctors), resulting in dismissal of her complaint with

---

1. Senior Judge Russell W. Bench sat by special assignment as
authorized by law. *See generally* Utah R. Jud. Admin. 11-201(7).

2. Justice Jill M. Pohlman began her work on this case as a member
of the Utah Court of Appeals. She became a member of the Utah
Supreme Court thereafter and completed her work on this case
sitting by special assignment as authorized by law. *See generally*
Utah R. Jud. Admin. 3-108(4).

prejudice. LeBaron's complaint alleged that Doctors brought a prior collection action while it was unregistered under the Utah Collection Agency Act (UCAA), *see generally* Utah Code Ann. §§ 12-1-1 to -11 (LexisNexis 2022), and that its doing so constituted "unfair and deceptive acts and practices" in violation of the federal Fair Debt Collection Practices Act (FDCPA), *see* 15 U.S.C. §§ 1692–1692p, and the Utah Consumer Sales Practices Act (UCSPA), *see* Utah Code Ann. §§ 13-11-4 to -23 (LexisNexis 2022).[3] The complaint also included multiple state law claims and a request for declaratory judgment and injunctive relief.

¶2    Because our recent decisions in *Fell v. Alco Capital Group LLC*, 2023 UT App 127, 538 P.3d 1249, *cert. denied*, No. 20231126, 2024 WL 966976 (Utah Feb. 23, 2024), and *Meneses v. Salander Enterprises LLC*, 2023 UT App 117, 537 P.3d 643, *cert. denied*, No. 20231068, 2024 WL 966975 (Utah Jan. 2, 2024), conclusively resolve LeBaron's UCSPA and other state law claims, we affirm the district court's decision pertaining to those claims. But FDCPA claims were not presented in *Fell* or *Meneses* and so require our consideration in the posture of this appeal. Ultimately, we affirm the court's decision on this issue as well.

---

3. "With the exception of its final section—which authorizes creditors to recover collection fees in addition to other amounts owed by a debtor—the UCAA was recently repealed." *Meneses v. Salander Enters. LLC*, 2023 UT App 117, ¶ 3 n.1, 537 P.3d 643, *cert. denied*, No. 20231068, 2024 WL 966975 (Utah Jan. 2, 2024). For convenience, we cite the UCAA provisions in effect immediately prior to this repeal.

## BACKGROUND[4]

### *Doctors' Collection Case*

¶3 LeBaron executed a contract to pay for medical services she received. The debt went unpaid, and the right to payment was assigned to Doctors in 2019. In pursuit of collection, Doctors retained legal counsel, who informed LeBaron via letter that he had been retained to collect the balance owed. The letter further indicated that the "law firm collects debt" and that the letter "is from a debt collector," who could sue to collect the outstanding balance if it remained unpaid. Doctors later acknowledged that during this time and due to its own inadvertence, its UCAA registration had lapsed and it was not then registered with the State of Utah as a debt collection agency under the UCAA.[5]

---

4. "In reviewing a district court's grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party and recite the facts accordingly." *Ockey v. Club Jam*, 2014 UT App 126, ¶ 2 n.2, 328 P.3d 880 (quotation simplified).

5. Section 1 of the UCAA provided,

> No person shall conduct a collection agency, collection bureau, or collection office in this state, or engage in this state in the business of soliciting the right to collect or receive payment for another of any account, bill, or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of any account, bill, or other indebtedness, unless at the time of conducting the collection agency, collection bureau, collection

(continued…)

¶4 Some four months later, in 2020, Doctors served LeBaron with its collection complaint, which it concurrently filed with the district court.[6] In due course, Doctors moved for the entry of a default judgment, which LeBaron did not resist. Thus, considering the complaint and LeBaron's choice not to contest it, the district court granted Doctors' motion and entered a default judgment against LeBaron on April 6, 2020.

*LeBaron's Complaint*

¶5 A mere three months after entry of the default judgment, and having made no effort to set the default judgment aside, LeBaron filed a complaint against Doctors commencing the current action. The complaint asserted that Doctors pursued its prior collection action "without the legal right or collection agency license to do so" and sought civil remedies based on the

---

office, or collection business, or of advertising or soliciting, that person or the person for whom he may be acting as agent, is registered with the Division of Corporations and Commercial Code and has on file a good and sufficient bond . . . .

Utah Code Ann. § 12-1-1 (LexisNexis 2022). Sections 2 and 3 of the UCAA provided that "[t]he bond shall be for the sum of $10,000, payable to the state of Utah" and "shall be for the term of one year from the date thereof, unless the Division of Corporations and Commercial Code and the person giving the same shall agree on a longer period." *Id.* §§ 12-1-2(1), -3.

6. When Doctors filed its complaint, it was still not registered as a collection agency.

FDCPA, the UCSPA, and other state law theories.[7] Doctors moved for summary judgment, and the district court held a hearing on the motion.

¶6    Both at the hearing and in its motion for summary judgment, Doctors argued, first, that LeBaron's contention that Doctors had not complied with the UCAA did not establish a private right of action under the UCSPA or support her other state law claims; second, that LeBaron's FDCPA claim was barred because Doctors' UCAA violation was innocuous under FDCPA jurisprudence; and finally, that all of LeBaron's claims should be dismissed under the doctrine of res judicata—specifically the theory of claim preclusion—because LeBaron "could and should have" raised all of her claims as defenses in Doctors' recently concluded collection case but she chose not to do so.

¶7    The court ruled from the bench, later memorializing its ruling in a written decision and an accompanying order. The court first addressed the UCSPA claim and determined that there were insufficient facts to show that Doctors knowingly or intentionally misled LeBaron regarding its registration status as a collection agency. In its written ruling, the court concluded that a violation of the UCAA, "with nothing more," did not provide a private right of action under the UCSPA or give rise to LeBaron's other state law claims. Thus, the court dismissed the UCSPA claim and the other state law claims with prejudice.

¶8    Next, the court addressed LeBaron's FDCPA claim, noting that it struggled to see any "actual injury." The court stated that

---

7. Because the facts central to LeBaron's state law claims, including her claim under the UCSPA, are on essentially the same footing as the claims dealt with in our recent opinions in *Meneses* and *Fell*, we forgo a detailed discussion of these claims.

Doctors' registration status was "the relevant fact that's central to [LeBaron's] claim" and that LeBaron's FDCPA claim arose when Doctors filed suit in its prior collection case. Following these comments, the court indicated that it was persuaded by Federal District Judge Ted Stewart's analysis of this issue in *McMurray v. Forsythe Financial, LLC*, No. 1:20-CV-8 TS, 2021 WL 83265 (D. Utah Jan. 11, 2021), *aff'd*, No. 21-4014, 2023 WL 5938580 (10th Cir. Sept. 12, 2023), and noted that while the duration of Doctors' unregistered status may have been an issue of factual dispute, "whether it was six weeks or a year, if they weren't registered, that fact existed. And that's really the central fact." The court further noted that LeBaron's FDCPA claim arose "[a]s soon as" Doctors filed its complaint in its collection case and, thus, LeBaron's claims in this case should have been raised as claims or defenses in the collection case.

¶9     From the bench, the court concluded that "claim preclusion carries the day here" and dismissed the FDCPA claim along with LeBaron's other claims. The court's written decision held that because Doctors' unregistered status "existed well before" it filed the collection action, "this is not a situation where a claim develops after the initial complaint is filed." Instead, "it was the filing of the complaint in" the collection case "that makes up [LeBaron's] claims here," and they therefore "could have and should have been brought in the earlier action." The court further held that claim preclusion applied because "successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action." Based on these conclusions, the court dismissed LeBaron's FDCPA claim, along with the rest of her claims, with prejudice.

ISSUE AND STANDARD OF REVIEW

¶10    LeBaron appeals the district court's summary judgment entered against her. "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Johnson v. Schnabel*, 2023 UT App 102, ¶ 13, 536 P.3d 1147 (quotation simplified).

ANALYSIS

I. The UCSPA Claim

¶11    As noted, we have recently dealt with this same issue, on the same procedural footing and presented by the same attorneys. *See Fell v. Alco Cap. Group LLC*, 2023 UT App 127, 538 P.3d 1249, *cert. denied*, No. 20231126, 2024 WL 966976 (Utah Feb. 23, 2024); *Meneses v. Salander Enters. LLC*, 2023 UT App 117, 537 P.3d 643, *cert. denied*, No. 20231068, 2024 WL 966975 (Utah Jan. 2, 2024). Two different panels of this court reached the same conclusion, namely that a UCAA registration violation, without more, is not actionable under the UCSPA and does not give rise to other state law claims. We adopt our prior analysis outlined in those cases and affirm the district court's ruling in the case at hand with respect to the UCSPA claim and the other state law claims.

II. The FDCPA Claim

¶12    Unlike the appellants in *Fell* and *Meneses*, LeBaron also included in her complaint an FDCPA claim, contending that "[b]y filing debt collection lawsuits without a license, Doctors took

action it could not legally take in violation of the FDCPA."[8] Regarding that claim, LeBaron does not argue for some different resolution when considering her claim through the lens of the FDCPA, as opposed to the UCSPA. On the contrary, she argues that "[w]here the UCSPA prohibits the exact same conduct as the FDCPA, and it is intended to marry federal and state consumer rights," "a deceptive and unconscionable act for purposes of the FDCPA should similarly create a cause of action under the UCSPA." She contends that "both statutes prohibit the same practices within the debt collection context."[9] Thus, LeBaron's position in this appeal—and it is the position she asserted below[10]—means that, for purposes of this case at least, our

---

8. Although not a basis for the district court's decision, Doctors contends that LeBaron lacks standing to pursue her FDCPA claim. Doctors suggests this as an alternative basis on which we can affirm the district court's judgment. Doctors later characterizes the argument as "the District Court did not have standing to consider LeBaron's complaint." We are not persuaded by this argument, and we decline to affirm on this basis.

9. Counsel for LeBaron took the same position in another recent case where he included an FDCPA claim. *See Pace v. Link Debt Recovery LLC*, 2024 UT App 4, ¶ 32, 542 P.3d 979 (noting that the appellant asserted that "both statutes prohibit the same practices within the debt collection context, at least regarding deceptive and unconscionable acts") (quotation simplified), *petition for cert. filed*, Mar. 12, 2024 (20240251).

10. In her memorandum opposing Doctors' motion for summary judgment, LeBaron rejected the notion that the FDCPA and the UCSPA reached different conduct. She said, "No such distinction exists which would allow the FDCPA to premise liability on unlicensed collection actions but not the UCSPA."

decisions in *Fell* and *Meneses* necessarily foreclose her FDCPA claim as well as her state claims. She has not preserved for appeal any argument that her FDCPA claim has viability distinct from her UCSPA claim. And on this basis, we affirm the dismissal of her FDCPA claim.

CONCLUSION

¶13    We affirm the district court's grant of summary judgment in favor of Doctors and against LeBaron.

_____

POHLMAN, Justice (concurring in part and dissenting in part):

¶14    I agree with the majority's analysis in Part I regarding LeBaron's state law claims, and I concur in the affirmance of their dismissal. But I respectfully disagree with the majority's analysis in Part II regarding LeBaron's claim under the Fair Debt Collection Practices Act (FDCPA). That claim was not dismissed by the district court on its merits; rather, it was dismissed on claim preclusion grounds. In affirming the dismissal of the claim on an alternative ground, I believe my colleagues have imposed a burden on LeBaron that she was not required to carry and have misconstrued her assertion regarding the relationship between her FDCPA claim and her claim under the Utah Consumer Sales Practices Act (UCSPA). I also believe that the district court erred in concluding that LeBaron's FDCPA claim is precluded, and thus I would reverse the court's summary judgment decision dismissing that claim.

## I. The Merits of LeBaron's FDCPA Claim

¶15    Doctors moved for summary judgment on the entirety of LeBaron's complaint, arguing that her claims were procedurally barred and failed on their merits. The district court had no trouble concluding that LeBaron's state law claims lacked merit, but it viewed Doctors' substantive challenge to the FDCPA claim as a "closer call." The court ultimately declined to address the merits of that claim and instead dismissed it on the basis that it was procedurally barred by the claim preclusion doctrine.

¶16    On appeal, LeBaron challenges the district court's dismissal of her FDCPA claim on that procedural ground. In response, Doctors defends the court's ruling, while offering alternative grounds for affirmance. Specifically, Doctors argues that even if the court erred in applying the claim preclusion doctrine, LeBaron's claim is barred by issue preclusion. Doctors also invites us to dismiss the FDCPA claim on the alternative basis that LeBaron lacks standing. *See supra* note 8. Notably, Doctors does not invite us to affirm the dismissal of the FDCPA claim on the claim's merits.

¶17    Although the viability of the merits of LeBaron's FDCPA claim was neither reached by the district court nor raised by Doctors as an alternative ground for affirmance, the majority affirms the dismissal of the claim on the alternative ground that LeBaron "does not argue for some different resolution when considering her claim through the lens of the FDCPA, as opposed to the UCSPA." *See supra* ¶ 12. I cannot endorse this resolution for two reasons.

¶18    First, I believe the majority faults LeBaron for not making an argument that she had no obligation to make on appeal. As the appellant, LeBaron appropriately challenged the district court's singular basis for dismissing her FDCPA claim. *See Bad Ass Coffee*

*Co. of Hawaii v. Royal Aloha Int'l LLC*, 2020 UT App 122, ¶ 48, 473 P.3d 624 (describing an appellant's burden to demonstrate error in the district court's reasoning). Specifically, she challenged the court's conclusion that her claim was procedurally barred. But it was not her burden to affirmatively demonstrate the substantive viability of her FDCPA claim or to show that it is distinct from her UCSPA claim. This is particularly true where Doctors did not invite us to resolve LeBaron's challenge to the district court's ruling on this alternative basis, leaving her with no opportunity to address the majority's rationale.

¶19    In reaching this conclusion, I recognize that a reviewing court has the prerogative to affirm a judgment "on any legal ground or theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action, and this is true even though such ground or theory is not urged or argued on appeal by appellee." *Bailey v. Bayles*, 2002 UT 58, ¶ 10, 52 P.3d 1158 (quotation simplified). And if it were apparent on this record that LeBaron's claim failed as a matter of law, perhaps I would feel differently about the majority's resolution. But where its resolution is not a substantive one and is based on a purported deficiency in LeBaron's briefing, I cannot assent.

¶20    Second, I disagree with the majority's resolution because I don't share its interpretation of LeBaron's assertions regarding the relationship between her FDCPA claim and UCSPA claim.

¶21    In concluding that LeBaron's FDCPA claim fails because her UCSPA claim fails, the majority relies on an assertion LeBaron made in defense of her UCSPA claim. *See supra* ¶ 12. The majority quotes LeBaron's opening brief, where she states that because "the UCSPA prohibits the exact same conduct as the FDCPA, and it is intended to marry federal and state consumer rights, a

deceptive and unconscionable act for purposes of the FDCPA should similarly create a cause of action under the UCSPA." *See supra* ¶ 12.

¶22   Unlike the majority, I do not read this statement as a concession that if the court determines LeBaron's UCSPA claim fails on its merits, then her FDCPA claim necessarily fails. Rather, I read it as expressing the inverse: that if certain conduct is deemed to violate the FDCPA, then that same conduct should be deemed to violate the UCSPA. After all, in defending the merits of her UCSPA claim, LeBaron takes the position that because both the FDCPA and the UCSPA prohibit deceptive and unconscionable conduct, we should conclude that acts deemed deceptive and unconscionable by federal courts under the FDCPA are likewise actionable under the UCSPA. But LeBaron did not argue that if we were to reject her invitation to extend the reasoning of the federal courts to the UCSPA, we should conclude that her FDCPA claim fails.

¶23   Further, I'm disinclined to adopt the majority's interpretation of LeBaron's statement because I suspect if she had an opportunity to address that interpretation, she would explain that her assertion regarding similarities between the FDCPA and the UCSPA was made in the context of describing their shared prohibition of deceptive and unconscionable conduct and did not apply to the FDCPA in its entirety.

¶24   Indeed, in *Fell v. Alco Capital Group LLC*, this very panel recognized that "the FDCPA and the UCSPA get at slightly different conduct." 2023 UT App 127, ¶ 23, 538 P.3d 1249 (quotation simplified), *cert. denied*, 2024 WL 966976 (Utah 2024). Although both statutes generally prohibit deceptive and unconscionable acts, *compare* 15 U.S.C. § 1692f, *with* Utah Code Ann. § 13-11-2(2) (LexisNexis 2022), "[a] key difference between

the FDCPA and the UCSPA is that the FDCPA proscribes '[t]he threat to take any action that cannot legally be taken or that is not intended to be taken,'" *Fell*, 2023 UT App 127, ¶ 23 n.10 (quoting 15 U.S.C. § 1692e(5)); *see also id.* ("[A] violation of the UCAA may be sufficient to support a claim under the FDCPA, but a violation of the UCAA is not per se sufficient to support a claim under the UCSPA."). As part of her FDCPA claim, LeBaron expressly invokes subsection 1692e(5), for which there is no corresponding prohibition in the UCSPA, and I don't take her assertion of similarity to waive this part of her claim.[11]

¶25 Finally, even if LeBaron's statement could be read as conceding that the entirety of her FDCPA claim rises and falls with the fate of her UCSPA claim, I am reluctant to resolve any ambiguity against her given that the district court—to whom the statements were made—apparently did not view it that way. As the majority notes, LeBaron made a similar statement in her summary judgment briefing. *See supra* note 10. Despite that, the district court elected to resolve the FDCPA claim on procedural grounds, stating that it thought the merits of the FDCPA claim presented a "closer call" than the state law claims. Had the court viewed LeBaron as equating her state and federal claims for all

---

11. The majority also refers to a similar statement LeBaron's counsel apparently made in a different case while representing different plaintiffs. *See supra* note 9 (quoting *Pace v. Link Debt Recovery LLC*, 2024 UT App 4, ¶ 32, 542 P.3d 979, *petition for cert. filed*, Mar. 12, 2024 (No. 20240251)). I would not hold a statement made on behalf of a different party against LeBaron, but I note that even it illustrates that her counsel's assertion of similarity between the FDCPA and the UCSPA was directed specifically at their shared prohibition of deceptive and unconscionable acts.

purposes, it should have had no trouble dismissing both sets of claims on the same ground.

## II. Claim Preclusion

¶26     Because I part ways with my colleagues on their alternative ground to affirm the dismissal of LeBaron's FDCPA claim, I must consider her challenge to the district court's conclusion that her claim is precluded.[12] As explained below, I conclude that the court erred in applying the claim preclusion doctrine, and I would reverse its summary judgment decision dismissing that claim.

¶27     The claim preclusion doctrine is "premised on the principle that a controversy should be adjudicated only once." *Nebeker v. Utah State Tax Comm'n*, 2001 UT 74, ¶ 23, 34 P.3d 180 (quotation simplified). For the doctrine to apply, the party seeking preclusion must satisfy a three-part test. *Mack v. Utah State Dep't of Com.*, 2009 UT 47, ¶ 29, 221 P.3d 194. The second element of that test—the only element at issue in this appeal—requires that the challenged claim was raised or "could and should have been raised" in a prior action. *Id.* (quotation simplified).

¶28     In assessing that element, Utah courts apply the transactional test found in section 24 of the Restatement (Second) of Judgments. *Gillmor v. Family Link, LLC*, 2012 UT 38, ¶ 13, 284 P.3d 622. The test provides that "claims or causes of action are the same as those brought or that could have been brought in the first action if they arise from the same operative facts, or in other words from the same transaction." *Daz Mgmt., LLC v. Honnen Equip. Co.*, 2022 UT 15, ¶ 57, 508 P.3d 84 (quotation simplified). While "no single factor is determinative," courts may consider

---

12. The district court's claim preclusion determination presents a question of law reviewed for correctness. *Haik v. Salt Lake City Corp.*, 2017 UT 14, ¶ 7, 393 P.3d 285.

"whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations."[13] *Id.* (quotation simplified).

¶29 Here, the district court concluded that LeBaron's FDCPA claim could and should have been raised in Doctors' debt collection suit because the complaint filed in that suit "provides the basis for" and "makes up" LeBaron's FDCPA claim. In reaching that conclusion, the court followed the lead of a decision from Utah's federal district court, a decision that has been subsequently affirmed by the Tenth Circuit in an unpublished (and non-precedential) order. *See McMurray v. Forsythe Fin., LLC*, No. 1:20-cv-00008-TS, 2021 WL 83265, at *4–5 (D. Utah Jan. 11, 2021) (concluding that the claim preclusion doctrine barred the plaintiff's UCSPA and FDCPA claims because those claims arose out of the defendant's efforts to collect the plaintiff's debt), *aff'd*, No. 21-4014, 2023 WL 5938580 (10th Cir. Sept. 12, 2023). In my view, both the federal district court and the Tenth Circuit

---

13. The parties on appeal apply the claim preclusion doctrine, but in the district court, Doctors invoked rule 13(a) of the Utah Rules of Civil Procedure, which governs compulsory counterclaims. *See* Utah R. Civ. P. 13(a)(1)(A) (requiring a party to assert a claim that, among other things, exists "at the time of service" and that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim"). I question whether the preclusion issue is more appropriately analyzed under rule 13(a) given that LeBaron was the defendant in the debt collection action. But because the district court applied a traditional claim preclusion analysis without reference to rule 13(a) and because I believe applying rule 13(a) to LeBaron's claim would produce the same result, I analyze LeBaron's claim under the claim preclusion doctrine.

misapplied Utah's claim preclusion test by asking only whether the subsequent claim arose out of the first action and by not accounting for the relevant factors under the transactional test.

¶30    In its claim against LeBaron, Doctors alleged that LeBaron contracted for goods or services, received those goods or services, and refused to make payment for those goods or services. In contrast, in LeBaron's claim against Doctors for an alleged violation of the FDCPA, she alleged that Doctors many months later filed a debt collection lawsuit against her without a license. Although LeBaron's claim against Doctors would not exist but for Doctors' debt collection lawsuit, the historical facts relevant to the parties' respective claims are not "related in time, space, origin, or motivation" and do not form "a convenient trial unit." *See Daz Mgmt.*, 2022 UT 15, ¶ 57 (quotation simplified). Instead, the circumstances giving rise to LeBaron's debt are separate and distinct from, and depend on different witnesses and evidence than, the circumstances surrounding Doctors' collection activities and licensing status. The two claims are undeniably connected, but that does not mean that they arise from the same operative facts. Thus, I would conclude that the transactional test that forms the foundation for the second element of Utah's claim preclusion doctrine was not satisfied and that the district court erred in concluding otherwise.[14]

---

14. Although the Tenth Circuit reached the opposite conclusion in *McMurray*, at least two other federal district court judges in Utah concluded that Utah's transactional test was not satisfied under similar facts. *See Chamberlain v. Crown Asset Mgmt.*, 608 F. Supp. 3d 1091, 1102–03 (D. Utah 2022); *Cotte v. CVI SGP Acquisition Trust*, No. 2:21-cv-00299-JNP-DAO, 2022 WL 464307, at *4–5 (D. Utah Feb. 15, 2022). And as the *Cotte* court observed, "a number of

(continued…)

¶31     Finally, in concluding that LeBaron's FDCPA claim was precluded, the district court also determined that LeBaron could not bring her claim because she sought relief that would nullify Doctors' earlier judgment. The court's analysis appears to be premised on a doctrine articulated in section 22(2)(b) of the Restatement (Second) of Judgments, a doctrine that Utah courts have not expressly adopted. *See Cotte v. CVI SGP Acquisition Trust*, No. 2:21-cv-00299-JNP-DAO, 2022 WL 464307, at *6 (D. Utah Feb. 15, 2022). The doctrine provides,

> A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if . . . [t]he relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.

Restatement (Second) of Judgments § 22(2)(b) (Am. L. Inst. 1982).

¶32     LeBaron challenges the court's adoption of this doctrine and contends that it is contrary to Utah law. LeBaron argues that in "automatically" barring her suit based on her request to void a judgment, the district court "neuter[ed] [her] ability to pursue an independent action for relief from judgment" under rule 60 of the Utah Rules of Civil Procedure. That rule recognizes a Utah court's inherent authority "to entertain an independent action to relieve

_____

courts" have similarly concluded that FDCPA claims like the one asserted by LeBaron are not compulsory counterclaims because they do not arise out of the same transaction as the original debt. *Cotte*, 2022 WL 464307, at *5 n.6 (citing cases).

a party from a judgment." Utah R. Civ. P. 60(d). Doctors does not address LeBaron's argument, leaving it unrebutted on appeal.

¶33 LeBaron's argument is plausible on its face. Utah has not adopted section 22(2)(b) of the Restatement (Second) of Judgments, and its strict application appears to conflict with the plain language of rule 60 and with related Utah authority, both of which recognize a court's inherent authority to relieve a party from a judgment under certain circumstances. *See St. Pierre v. Edmonds*, 645 P.2d 615, 618 (Utah 1982) ("Indeed, Rule 60(b) expressly recognizes and preserves the court's historic powers to relieve a party from the operations of an unconscionable judgment or order."); *see also Jensen v. Cannon*, 2020 UT App 124, ¶ 32, 473 P.3d 637 ("The availability of an independent action flows from a court's historic powers to relieve a party from judgment . . . ." (quotation simplified)). And because Doctors does not address the argument, I would conclude that LeBaron has satisfied her appellate burden for purposes of this case by presenting a plausible basis for reversal. *See Utah Dep't of Transp. v. Coalt, Inc.*, 2020 UT 58, ¶ 45, 472 P.3d 942 ("An appellant bears the burden of persuasion on appeal. But a court may rule in favor of an appellant for purposes of that case if the appellee inadequately briefs an argument and the appellant provides a plausible basis for reversal." (quotation simplified)). Thus, without reaching the merits, I would accept LeBaron's argument that the district court erred in adopting section 22(2)(b) of the Restatement (Second) of Judgments and in categorically dismissing LeBaron's FDCPA claim on that basis without first considering the court's inherent authority to hear the claim.[15]

---

15. Whether LeBaron could receive equitable relief under the FDCPA is not a question I must answer, but I note that without

(continued…)

¶34 In sum, I would hold that LeBaron's FDCPA claim is not precluded under Utah's claim preclusion doctrine and that the court erred in applying section 22(2)(b) of the Restatement (Second) of Judgments as an additional reason to dismiss the FDCPA claim. For these reasons, I would reverse the district court's dismissal of the claim and remand the matter for further proceedings.

————————

her state law claims, LeBaron's relief on remand likely would be limited. *See Cotte*, 2022 WL 464307, at *7 (stating that the FDCPA "provides for civil liability, including actual damages and additional damages up to $1,000 for an individual or up to $500,000 for a class action," but that "equitable relief is not available to an individual under the civil liability section of the FDCPA" (quotation simplified)).