**2020 UT App 89**

## THE UTAH COURT OF APPEALS

HONNEN EQUIPMENT COMPANY,
Appellant,
*v.*
DAZ MANAGEMENT LLC,
Appellee.

Opinion
No. 20190356-CA
Filed June 11, 2020

Second District Court, Ogden Department
The Honorable Jennifer L. Valencia
No. 180906337

Theodore E. Kanell and Daniel E. Young, Attorneys
for Appellant

Donald L. Dalton, Attorney for Appellee

JUDGE KATE APPLEBY authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and DIANA HAGEN concurred.

APPLEBY, Judge:

¶1　Pursuant to a rental agreement, Daz Management, LLC (Daz) rented a grading machine from Honnen Equipment Company (Honnen). During the rental period, Daz damaged the machine, and Honnen filed suit for breach of contract and negligence against the owner and manager of Daz (Owner) in his personal capacity (the first suit). After a bench trial, the district court found Owner was not liable under the contract and that he was not negligent. Honnen then filed another suit (the second suit), this time against Daz, before a different district court judge, asserting the same causes of action. The district court dismissed the second suit as barred by claim preclusion. We reverse.

BACKGROUND[1]

¶2      In 2015, Honnen and Daz entered into a rental agreement for a grading machine. The agreement listed "Daz Management" as the lessee and was signed by Owner. During the rental period, the machine was damaged. Honnen filed the first suit against Owner for breach of contract and negligence, and the case proceeded to a bench trial. After trial, the court determined that because the named lessee "referred to Daz Management, LLC," Owner "in his personal capacity was not a party to the contract, so [Owner] [wa]s not personally liable on the contract." The court also found that because the machine "was damaged as the result of an accident," Owner was not negligent. Thus, the court concluded, Honnen had "no cause of action."

¶3      Shortly thereafter, Honnen filed the second suit, this time against Daz, again asserting breach of contract and negligence. Daz moved for dismissal, arguing the suit was barred by claim preclusion. Honnen opposed the motion, but voluntarily dismissed the negligence claim, leaving only the contract claim intact. Honnen then moved to consolidate the first and second suits and urged the district court to treat the complaint in the second suit as a filing under rule 15(b) and (d) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 15(b), (d) (allowing a party to amend and supplement pleadings).

¶4      After briefing and oral argument, the district court denied Honnen's motion to consolidate and granted Daz's motion to dismiss. The court determined the second suit was barred by claim preclusion because "both cases involve[d] the same parties or their privies," "the breach of contract claim was already

---

1. "On appeal from a motion to dismiss, we review the facts only as they are alleged in the complaint. We accept the factual allegations as true and draw all reasonable inferences from those facts in a light most favorable to the plaintiff." *Haynes v. Department of Public Safety*, 2020 UT App 19, n.2, 460 P.3d 565 (quotation simplified).

litigated in the first case," any other claims "could and should have been raised in the first case," and "the first case resulted in a final judgment on the merits."

¶5     Honnen timely appeals.


ISSUE AND STANDARD OF REVIEW

¶6     Honnen alleges the district court erred in dismissing the second suit based on claim preclusion, a branch of the doctrine of res judicata. "The ultimate determination of whether res judicata bars an action is a question of law, which we review for correctness." *Press Publ'g, Ltd. v. Matol Botanical Int'l, Ltd.*, 2001 UT 106, ¶ 19, 37 P.3d 1121 (quotation simplified).


ANALYSIS

¶7     To establish an action is barred by claim preclusion, the movant must prove three elements:

> First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits.

*Press Publ'g, Ltd. v. Matol Botanical Int'l, Ltd.*, 2001 UT 106, ¶ 19, 37 P.3d 1121 (quotation simplified). Because all three elements must be met, the absence of one element precludes dismissal based on claim preclusion. *See Snyder v. Murray City Corp.*, 2003 UT 13, ¶ 36, 73 P.3d 325 (determining claim preclusion was not established because the claim was not "the subject of a final judgment on the merits").

¶8 Because the breach of contract claim in the first suit was not decided on the merits, the district court erred when it granted Daz's motion for dismissal. "As a general rule, dismissals resulting from an 'initial bar' to the court's adjudication of the parties' claims and defenses are not preclusive. An initial bar to the court's authority exists when . . . the wrong parties are before the court." *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 2012 UT 66, ¶ 24, 289 P.3d 502 (quotation simplified); *see also* Utah R. Civ. P. 41(b) (stating a dismissal based on "failure to join a party" is not on the merits); *Madsen v. Borthick*, 769 P.2d 245, 249 (Utah 1988) ("Dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition do not ordinarily bar subsequent suits." (quotation simplified)).

¶9 After a bench trial in the first suit, the court found in favor of Owner on the breach of contract claim because he was not a party to the rental agreement.[2] But this does not mean the district court reached the merits of Honnen's breach of contract claim. Rather, the court's decision merely established that, by not suing Daz—the real party to the contract—Honnen failed to overcome an "initial bar to the court's authority," because "the wrong parties [we]re before the court." *See Horne*, 2012 UT 66, ¶ 24. Thus, because at least one element of claim preclusion was not met, the district court erred when it dismissed the second suit.

CONCLUSION

¶10 The district court erred in concluding the second suit was barred by claim preclusion, because the breach of contract claim in the first suit was not decided on the merits. Accordingly, we reverse and remand to the district court for further proceedings.

───────────

2. Because Honnen voluntarily dropped the negligence claim in the second suit, its disposition is not material to this analysis.