2021 UT App 123

# THE UTAH COURT OF APPEALS

KOURTNI HASKELL,
Appellant,

*v.*

WAKEFIELD & ASSOCIATES INC. AND MATTHEW FRAWLEY,
Appellees.

Opinion
No. 20200412-CA
Filed November 12, 2021

Third District Court, Salt Lake Department
The Honorable Andrew H. Stone
No. 190905612

Daniel Baczynski, Attorney for Appellant

Mark A. Nickel and David Garner, Attorneys
for Appellees

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS concurred.

ORME, Judge:

¶1 Kourtni Haskell appeals the district court's dismissal of her current action against Wakefield & Associates Inc. and its president, Matthew Frawley (collectively, Appellees). The court determined that the claim preclusion branch of the res judicata doctrine barred Haskell's complaint because a different court in a prior action had already ruled on the merits of her claims. Haskell argues that claim preclusion cannot bar her current action because the prior court's written order had dismissed her earlier complaint "without prejudice." We agree with Haskell and reverse.

BACKGROUND[1]

¶2   In 2016, Wakefield, a debt collection agency, obtained a default judgment against Haskell for an unpaid debt. Two years later, in 2018, Haskell filed suit against Wakefield in the Third District Court in Tooele County (*Haskell I*), alleging that the default judgment against her was void because, at the time it initiated suit, Wakefield was not properly licensed under the Utah Collection Agency Act (the UCAA). *See* Utah Code Ann. § 12-1-1 (LexisNexis 2013). Specifically, she alleged that Wakefield's engagement in unlicensed debt collection and its failure to disclose this status "is a deceptive practice designed to take advantage of consumers" in violation of the Utah Consumer Sales Practices Act (the UCSPA). *See generally id.* §§ 13-11-1 to -23 (2013 & Supp. 2020).

¶3   Haskell later emailed Frawley proposing to settle the suit for the "payment of $23,000.00, forgiveness of the old debt, repayment of any monies received from [Haskell], and complete removal from her credit report, and no other conditions." Frawley purportedly accepted Haskell's settlement terms, but a few days later sent a proposed settlement agreement to Haskell that included an additional term: a confidentiality agreement. Pointing to the "no other conditions" language of the offer, Haskell rejected the additional term and sent her own proposed settlement agreement to Frawley. Haskell does not allege that the parties ever signed a written settlement agreement.

---

1. "When reviewing a motion to dismiss, we view the facts and construe the complaint in the light most favorable to the plaintiff and indulge all reasonable inferences in [her] favor." *Energy Claims Ltd. v. Catalyst Inv. Group*, 2014 UT 13, n.1, 325 P.3d 70 (quotation simplified).

¶4　A few months later, Wakefield moved for judgment on the pleadings under rule 12(c) of the Utah Rules of Civil Procedure. During the pendency of the motion, Haskell moved to amend her complaint to add Frawley as a defendant and to add claims for breach of contract and for fraud in the inducement against him related to the settlement agreement.

¶5　During the hearing on the motions, Haskell argued for the first time that she "was deceived or misled by" a misrepresentation Wakefield made to her. The court rejected this argument, ruling that under rule 9(c) of the Utah Rules of Civil Procedure, Haskell had "not pled with particularity the circumstances surrounding the deceit that occurred." The court also entered judgment dismissing the *Haskell I* complaint, stating to Haskell's counsel:

> Given the Court's ruling, particularly with the 9(c) issue . . . it seems to me that I think it should be a dismissal without prejudice with respect to the . . . 9(c) issue. . . . [I]f you can put together a complaint that alleges that Ms. Haskell, in fact, . . . relied on some statement from [Wakefield] that they were a licensed collection agency and that that somehow created some deception or fraud, then I think it would be appropriate to reassert that. I'm not going to bar you from reasserting that.
>
> 　　. . . .
>
> 　　But on its face, at this point, I think I've made clear that there's no claim simply for . . . operating a debt collection business without a license in the state of Utah, and that would be . . . law of the case or res judicata at this point. But . . . if you want to assert some claim that she was actually deceived by what they did, . . . I don't

think that this would necessarily bar that. So it will be without prejudice at this point.

¶6      In May 2019, the court issued a written order, drafted by Wakefield's counsel and approved as to form by Haskell's counsel, addressing both Wakefield's motion for judgment on the pleadings and Haskell's motion to amend the *Haskell I* complaint. In granting Wakefield's motion, the court stated that Haskell's claims failed as a matter of law because:

    a.  There is no private cause of action under the [UCAA]; and there is nothing under the UCAA that could be construed as giving a debtor the right to sue or otherwise bring any claim against a collection agency merely for failing to be licensed in accordance with the UCAA . . . .

    b.  The act of attempting to collect a debt without being properly licensed under the UCAA . . . is neither a deceptive nor unconscionable act under the [UCSPA].

    c.  [The UCAA] is merely a business licensure statute, and therefore, in an action to collect on a debt, a debtor cannot raise as a defense that the unlicensed debt collector lacks standing to file or maintain that action. Likewise, a technical violation of [the UCAA] does not give a debtor the right or standing to challenge or otherwise seek to set aside a judgment entered in favor of an unlicensed debt collector.

    d.  The new claim—raised for the first time during oral argument—that Plaintiff

>Kourtni Haskell was deceived or misled by something that Defendant Wakefield represented to her, fails to comply with the requirement under rule 9(c) . . . to plead with particularity the circumstances surrounding Defendant Wakefield's alleged deception.

>e. The additional reasons stated on the record during oral argument.

¶7 The court's written order also denied Haskell's motion to amend her complaint, stating, "The proposed amendment is futile because it does not cure the problems and deficiencies that provided the basis for granting the Motion for Judgment on the Pleadings and dismissing each of the claims asserted against Defendant Wakefield." The written order concluded by indicating that the *Haskell I* complaint, "and each of the claims asserted" therein, were "dismissed without prejudice." Haskell did not appeal that dismissal.

¶8 In July 2019, Haskell initiated the current action against Appellees (*Haskell II*), this time in the Third District Court in Salt Lake County. The *Haskell II* complaint realleged the UCSPA claims against Wakefield and also included claims for breach of contract and fraud in the inducement against Frawley related to the settlement agreement.

¶9 Appellees moved to dismiss the complaint under rule 12(b)(6) of the Utah Rules of Civil Procedure, arguing that all four claims had "already been litigated by these parties in Tooele County." Appellees acknowledged the *Haskell I* court had dismissed that case without prejudice, but they asserted that the court did so only because Haskell, during the hearing, "argued for the first time that there may be some other act of deceit" apart from Wakefield's lack of license "that would allow [her] to

prevail on [her] UCSPA claim." With reference to that newly raised argument, Appellees asserted that the court "held that if [Haskell] could establish a basis—other than the failure to register in accordance with the UCAA—then [she] may have a valid UCSPA claim that could be brought at a later date" and, based on that contingency, the court dismissed *Haskell I* without prejudice. Appellees also argued that the *Haskell I* court had already determined that the claims against Frawley related to the settlement agreement were "futile" when it denied Haskell's motion to amend her complaint in that action, thereby effectively ruling that the claims would not survive a motion to dismiss. Appellees thus argued that the *Haskell II* complaint should be dismissed because the *Haskell I* court had already ruled on the claims and Haskell had "not alleged any new facts that would provide a basis for recovery under Utah law."

¶10   The *Haskell II* court agreed that res judicata—more specifically claim preclusion—barred the action, and it granted Appellees' motion. The court held that "each of [Haskell's] claims were clearly brought or should have been brought in . . . *Haskell I*" and that "the dismissal in *Haskell I* was clearly a final judgment on the merits." Accordingly, the court ruled that the *Haskell I* court's "use of the term 'without prejudice' has no meaning with respect to the claim preclusion analysis for this case" and dismissed the *Haskell II* complaint with prejudice.

¶11   Haskell appeals.

ISSUE AND STANDARD OF REVIEW

¶12   Haskell challenges the district court's dismissal of her complaint on claim preclusion grounds. "We review a district court's decision to grant a rule 12(b)(6) motion to dismiss a complaint for correctness, giving no deference to the district court's ruling." *Van Leeuwen v. Bank of Am. NA*, 2016 UT App

212, ¶ 6, 387 P.3d 521 (quotation simplified). We likewise review for correctness a court's ruling on whether res judicata bars an action. *See id.*

## ANALYSIS

¶13 "The doctrine of res judicata comprises claim preclusion and issue preclusion, both of which serve the important policy of preventing previously litigated issues from being relitigated." *Kodiak Am. LLC v. Summit County*, 2021 UT App 47, ¶ 14, 491 P.3d 962 (quotation simplified). Claim preclusion, the branch of res judicata at issue in the instant appeal, "bars a party from prosecuting in a subsequent action a claim that has been fully litigated previously." *Peterson v. Armstrong*, 2014 UT App 247, ¶ 11, 337 P.3d 1058 (quotation simplified). *See Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 2012 UT 66, ¶ 12, 289 P.3d 502 (stating that claim preclusion "is premised on the principle that a controversy should be adjudicated only once") (quotation simplified). For claim preclusion to apply, the movant has to establish that (1) "both cases . . . involve the same parties or their privies," (2) "the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action," and (3) "the first suit must have resulted in a final judgment on the merits." *Honnen Equip. Co. v. Daz Mgmt. LLC*, 2020 UT App 89, ¶ 7, 468 P.3d 565 (quotation simplified).

¶14 On appeal, Haskell challenges only the district court's analysis of the third prong. She contends that the *Haskell I* court's dismissal of that action "without prejudice" could not constitute a "final judgment on the merits" because, by its very terms, "the dismissal without prejudice did not definitively end litigation between the parties and was not a final order."

¶15    For res judicata purposes, rule 41 of the Utah Rules of Civil Procedure "comprehensively defines a dismissal on the merits." *Horne*, 2012 UT 66, ¶ 22 (quotation simplified). The rule provides that "[u]nless the dismissal order otherwise states, a dismissal under this paragraph and any dismissal not under this rule, other than a dismissal for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as an adjudication on the merits." *See* Utah R. Civ. P. 41(b). The rule therefore "establishes a presumption that the dismissal of a case is on the merits and thus has preclusive effect, subject to exceptions where the court otherwise specifies or where the decision is for lack of jurisdiction, improper venue, or for failure to join a necessary party." *Horne*, 2012 UT 66, ¶ 22 (quotation simplified). Thus, the issue presented here is whether by dismissing the *Haskell I* complaint without prejudice, the court "otherwise state[d]" that its dismissal was not subject to the general rule that dismissals are "on the merits." *See* Utah R. Civ. P. 41(b). We conclude that the *Haskell I* court, in its written order, did "otherwise state[]" and that the court's dismissal was therefore not on the merits and did not have preclusive effect for purposes of claim preclusion.

¶16    Haskell correctly notes that, "[a]s a general proposition, a judgment which by its terms purports to be 'without prejudice' does not operate as a final judgment [on the merits]" in the claim preclusion context. Indeed, although involuntary dismissals, as defined by rule 41(b), are "presumptively . . . with prejudice," the rule grants district courts "discretion to dismiss without prejudice when they choose to otherwise specify that result." *Holmes v. Cannon*, 2016 UT 42, ¶¶ 8, 10, 387 P.3d 971 (quotation simplified). *See Amundsen v. University of Utah*, 2019 UT 49, ¶ 25, 448 P.3d 1224 ("A dismissal without prejudice . . . will generally not be given preclusive effect because it is not a judgment on the merits of the underlying action."); *Haik v. Salt Lake City Corp.*, 2017 UT 14, ¶ 15, 393 P.3d 285 (stating that if the district court

had "dismissed one of [the plaintiff's] previous claims without prejudice then he would not be barred by claim preclusion from relitigating that claim because, on that claim, there would not be a final judgment on the merits"); *Horne*, 2012 UT 66, ¶ 23 (stating that under rule 41 of the federal rules of civil procedure, which has been interpreted "to the same effect" as Utah's rule 41, "federal courts read the federal rule's reference to 'adjudication upon the merits' as the opposite of a 'dismissal without prejudice'") (quotation simplified). A court thus has the option to deprive a dismissal of preclusive effect by specifying that the dismissal is without prejudice.

¶17    Here, in dismissing the complaint in *Haskell I*, the court "otherwise state[d]" that the dismissal would be without prejudice. The court's written order expressly provided that the complaint, and "each of the claims asserted" therein, was dismissed "without prejudice." Appellees argue that the oral comments made by the court when considering the motion to dismiss reflect a different objective. Indeed, the comments reflect a bit of a mixed message. The court stated, with our emphasis,

> [I]f you can put together a complaint that alleges that Ms. Haskell, in fact, . . . relied on some statement from [Wakefield] that they were a licensed collection agency and that that somehow created some deception or fraud, then I think it would be appropriate to reassert that. *I'm not going to bar you from reasserting that.*

The court continued, again with our emphasis,

> [O]n its face, at this point, I think I've made clear that there's no claim simply for . . . operating a debt collection business without a license in the state of Utah, and that would be . . . *law of the case or res judicata at this point*.

¶18    We acknowledge some inconsistency between the court's oral ruling, which suggested a limited opportunity to refile a particular claim, while characterizing other claims as barred by res judicata.[2] Appellees prefer that we focus on the oral ruling and take the plain language of the order of dismissal with a grain of salt. But Utah appellate jurisprudence requires just the opposite.

¶19    "Our case law is clear that where a court's oral ruling differs from a final written order, the latter controls." *M.F. v. J.F.*, 2013 UT App 247, ¶ 6, 312 P.3d 946. *See Evans v. State*, 963 P.2d 177, 180 (Utah 1998) ("Regardless of the language used during the hearing, the language in the court's final written order controls[.]"). If a district court's written order is ambiguous, then the court's earlier oral ruling may be instructive in resolving that ambiguity. *See In re Discipline of Steffensen*, 2018 UT 53, ¶ 12 n.6, 428 P.3d 1104 ("Because we find some ambiguity in the district court's written order . . . , we have turned to the court's oral ruling to resolve that ambiguity.").

---

2. The written order entered after the hearing was drafted by Wakefield's counsel, approved as to form by Haskell's counsel, and submitted to the court for signature. We recognize that, due to crowded dockets and other concerns related to judicial economy, trial judges often ask counsel to draft orders memorializing their rulings. This practice is appropriate and necessary. But we also realize that, on occasion, judges sign such orders without much scrutiny, at least where those orders are approved as to form by both sides. We, of course, do not know whether that is what happened here, but in any event we take this opportunity to encourage judges to examine proposed orders that memorialize their rulings—even when those orders are approved as to form by both sides—before signing, to make sure that those orders comport with the court's rulings.

¶20 Here, the language of the written order controls because its dismissal of the *Haskell I* complaint, and each of its claims, "without prejudice" is not subject to multiple interpretations. On the contrary, because the court clearly specified in its written order that the dismissal of all Haskell's claims was without prejudice, the dismissal fell squarely within a defined exception under rule 41(b). For this reason, we reverse the *Haskell II* court's dismissal of the present action on claim preclusion grounds.[3]

---

3. Appellees argue that regardless of whether a court dismisses an action without prejudice, "when a court rules on the merits of the claims, res judicata will bar further litigation." In support of this contention, Appellees cite Cheek v. Iron County Attorney, 2019 UT 50, 448 P.3d 1236; Haik v. Salt Lake City Corp., 2017 UT 14, 393 P.3d 285; and Mack v. Utah State Department of Commerce, 2009 UT 47, 221 P.3d 194. But these cases are readily distinguishable because none of them involved a dismissal expressly characterized as being "without prejudice," and thus the exception to rule 41(b)'s general rule was not at issue in those cases. See Cheek, 2019 UT 50, ¶ 16; Haik, 2017 UT 14, ¶ 15; Mack, 2009 UT 47, ¶ 6. Indeed, our Supreme Court suggested in Haik that the result would have been different if the district court had expressly dismissed that case without prejudice:

> Things would, indeed, be different if the federal court had not ruled on the merits of a claim that [the plaintiff] put before it. If it had, for example, dismissed one of [his] previous claims without prejudice then he would not be barred by claim preclusion from relitigating that claim because, on that claim, there would not be a final judgment on the merits.

2017 UT 14, ¶ 15. Contrary to Appellees' argument, the Court was stating that a dismissal without prejudice is necessarily not

(continued…)

¶21 We note that there is possible merit to Appellees' contention that "the dismissal 'without prejudice' clearly was not intended to permit [Haskell] to disregard and ignore the . . . adverse rulings in *Haskell I* and start over before a new judge." We do not resolve this question, however, because it implicates issue preclusion—the other branch of the res judicata doctrine—which was not a basis for the *Haskell II* court's decision and is therefore not before us. Nonetheless, Appellees invite us to affirm the *Haskell II* court's dismissal on several alternative grounds, including issue preclusion. "It is within our discretion to affirm a judgment on an alternative ground if it is apparent in the record." *Olguin v. Anderton*, 2019 UT 73, ¶ 20, 456 P.3d 760 (quotation simplified). We decline to exercise this discretion here because, even assuming that the "on the merits" prong of the issue preclusion analysis is satisfied, the remaining prongs require further consideration.

¶22 Specifically, for issue preclusion to apply,

> (i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (iii) the issue in the first action must have been completely, fully, and fairly litigated; and (iv) the first suit must have resulted in a final judgment on the merits.

---

(…continued)

on the merits because it falls under the exception to the general rule under rule 41(b). *See also Holmes v. Cannon*, 2016 UT 42, ¶¶ 8, 10, 387 P.3d 971.

*Smith v. Hruby-Mills*, 2016 UT App 159, ¶ 12, 380 P.3d 349 (quotation simplified). Here, it is not immediately apparent whether all the remaining elements for issue preclusion are satisfied as to each of the claims Haskell brought. For example, it is unclear whether the *Haskell I* court's denial of Haskell's request to file an amended complaint, in which she sought to add claims against Frawley related to the settlement agreement, satisfies the third prong of the inquiry, i.e., that those additional claims were "completely, fully, and fairly litigated." *See id.* (quotation simplified). Accordingly, we do not further address this potential alternative ground for affirmance. We likewise decline to exercise our discretion to address the remaining alternative grounds for affirmance that Appellees advance.[4]

CONCLUSION

¶23 We agree with Haskell that the *Haskell I* court's dismissal of her complaint, and each of its claims, "without prejudice" did not have preclusive effect for purposes of claim preclusion. Accordingly, we reverse the district court's dismissal of the current action and remand for further proceedings consistent with this opinion.[5]

_____

4. This should not be interpreted as a ruling on the merits of these alternative grounds. *See Scott v. Scott*, 2020 UT 54, ¶ 31, 472 P.3d 897 ("Our declining to rule on an alternative ground [should not] be construed as a ruling on the merits of the alternative ground.") (quotation simplified).

5. Because Haskell prevails on appeal, we deny Appellees' request for attorney fees premised on rule 33 of the Utah Rules of Appellate Procedure.