**2024 UT App 123**

# THE UTAH COURT OF APPEALS

KOURTNI HASKELL,
Appellant,

*v.*

WAKEFIELD & ASSOCIATES, INC., AND MATTHEW FRAWLEY,
Appellees.

Opinion
No. 20230243-CA
Filed September 6, 2024

Third District Court, Salt Lake Department
The Honorable Andrew Stone
No. 190905612

Daniel Baczynski, Attorney for Appellant

Mark A. Nickel, Attorney for Appellees

JUDGE RYAN D. TENNEY authored this Opinion, in which
JUDGES GREGORY K. ORME and AMY J. OLIVER concurred.

TENNEY, Judge:

¶1      Several years ago, Kourtni Haskell sued a debt collection agency, alleging that it had violated various Utah statutes when it tried collecting a debt from her. The district court dismissed the case without prejudice. Haskell later sued that same agency again in a separate case (which is the case at issue in this appeal), asserting that the agency had violated the same Utah statutes that were at issue in her first case. But the district court held that the issue preclusion doctrine prevented Haskell from relitigating certain issues that had been resolved by the district court in the first case. Because the precluded issues were dispositive to Haskell's claims, the court dismissed her case.

¶2      Haskell now appeals, arguing that issue preclusion does not apply because the first case was dismissed without prejudice.

For the reasons set forth below, we disagree. We therefore affirm the district court's ruling and its dismissal of Haskell's case.

## BACKGROUND[1]

*Haskell's First Case Is Dismissed Without Prejudice*

¶3      In 2016, Wakefield & Associates, Inc. (Wakefield), a debt collection agency, obtained a default judgment against Kourtni Haskell. Two years later, Haskell sued Wakefield in Tooele County, alleging that Wakefield was not a properly licensed debt collector under the Utah Collection Agency Act (UCAA) (hereinafter the Tooele Case). In Haskell's view, this UCAA violation amounted to a "deceptive [or] unconscionable act" that rendered the default judgment void under the Utah Consumer Sales Practices Act (UCSPA). Wakefield later filed a motion for judgment on the pleadings. *See* Utah R. Civ. P. 12(c).

¶4      While the Tooele Case was still pending, Haskell reached out to Wakefield's president, Matthew Frawley, to negotiate a settlement. According to Haskell's subsequent account, Frawley initially accepted her proposal. But a few days later, he added a confidentiality term, which she rejected. Haskell believed the parties had "agreed to settle the case" and accordingly moved for leave to amend her complaint to add claims against Frawley for violation of the purported settlement agreement. In response, Wakefield argued that the email correspondence Haskell sought

---

1. "When reviewing a decision granting a motion to dismiss, we view the facts pled in the complaint and all reasonable inferences from them in the light most favorable to the plaintiff." *Legal Tender Servs. PLLC v. Bank of Am. Fork*, 2022 UT App 26, n.1, 506 P.3d 1211 (quotation simplified).

to introduce to support her new claims was inadmissible and, in any event, did not establish "a meeting of the minds."

¶5 At the hearing on the motion for judgment on the pleadings, Haskell raised something of a new claim—that Wakefield's misrepresentation about its business registration status had "deceived or misled" her. The court, however, ruled that this new allegation failed to comply with rule 9(c), which requires that fraud claims be pleaded "with particularity." *See id.* R. 9(c).

¶6 The district court then granted Wakefield's motion for judgment on the pleadings on Haskell's other claims. It ruled that the registration claims failed as a matter of law for several independent reasons: first, the UCAA does not authorize a private right of action; second, a failure to obtain a license under the UCAA does not deprive a business of legal standing to file or maintain a debt collection action in court; and third, the act of collecting a debt without being properly licensed under the UCAA is not a violation of the UCSPA.[2] The court additionally

---

2. We've since rejected claims similar to Haskell's in several cases. *See Fell v. Alco Cap. Group LLC*, 2023 UT App 127, ¶¶ 23, 37, 538 P.3d 1249 (noting that "the UCAA does not authorize a private right of action" and holding that "without some showing of an affirmative misrepresentation, [a] violation of the UCAA [does] not constitute a violation of the UCSPA"), *cert. denied*, 544 P.3d 457 (Utah 2024); *Meneses v. Salander Enters. LLC*, 2023 UT App 117, ¶¶ 14, 21, 537 P.3d 643 (same), *cert. denied*, 544 P.3d 456 (Utah 2024); *see also LeBaron v. Doctors & Merchs. Credit, Inc.*, 2024 UT App 42, ¶ 2, 547 P.3d 855 (stating that *Fell* and *Meneses* "conclusively resolve[d]" these issues). We also note that "[w]ith the exception of its final section—authorizing creditors to recover collection fees in addition to other amounts owed by a debtor— the UCAA was recently repealed by the Utah Legislature." *Meneses*, 2023 UT App 117, ¶ 3 n.1.

denied Haskell's motion for leave to amend, ruling that the parties had not reached an enforceable agreement and that the proposed amendment would therefore be futile.

¶7    Of some note for this appeal, the district court said in its oral ruling that the dismissal "should be a dismissal without prejudice with respect to the [rule] 9(c) issue." It told Haskell's counsel,

> [I]f you can put together a complaint that alleges that Ms. Haskell, in fact, . . . relied on some statement from [Wakefield] that they were a licensed collection agency and that that somehow created some deception or fraud, then I think it would be appropriate to reassert that. I'm not going to bar you from reasserting that.

However, the court emphasized that there was "no claim" for the UCAA and UCSPA arguments standing alone, and the court opined that its ruling on that would be "law of the case or res judicata at this point." In the court's subsequent written ruling, the court stated that "each of the claims" was "dismissed without prejudice."

*Haskell's Second Case and the Initial Appeal*

¶8    After the dismissal of the Tooele Case, Haskell filed a new case against Wakefield and Frawley (from here on, collectively, Wakefield), this time in Salt Lake County. As indicated, this is the case at issue in this appeal.

¶9    Haskell filed an initial complaint and then a slightly amended version later. In substance, both were virtually identical to the proposed amended complaint that the district court in the Tooele Case had ruled would be "futile." Notably, the complaint

added no new facts to substantiate Haskell's allegation that Wakefield deceived her.

¶10    Wakefield filed a motion to dismiss. Wakefield's motion argued that issue preclusion applied, and though a touch unclear, its briefing arguably asserted that claim preclusion applied as well.

¶11    The district court granted the motion to dismiss on claim preclusion grounds. Under controlling precedent, the applicability of claim preclusion turns on a three-part test:

> First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits.

*Mack v. Utah State Dep't of Com.*, 2009 UT 47, ¶ 29, 221 P.3d 194 (quotation simplified). Applying that test, the district court ruled that claim preclusion barred the suit, and it accordingly dismissed the complaint with prejudice.

¶12    Haskell appealed, and in doing so, she only challenged the district court's conclusion that the third element of claim preclusion had been satisfied. *Haskell v. Wakefield & Assocs. Inc. (Haskell I)*, 2021 UT App 123, ¶ 14, 500 P.3d 950. In Haskell's view, there could not be a "final judgment on the merits" for purposes of claim preclusion since the earlier claim was dismissed without prejudice. *Id*. (quotation simplified). We agreed, holding that, "in the claim preclusion context," "a judgment which by its terms purports to be without prejudice does not operate as a final judgment on the merits." *Id.* ¶ 16 (quotation simplified). Indeed,

we noted that the "without prejudice" designation is in part designed "to deprive a dismissal of preclusive effect." *Id*.[3]

¶13   In its briefing, Wakefield asked us to alternatively affirm on issue preclusion grounds. *Id*. ¶ 21. Addressing that potential argument, we noted that

> for issue preclusion to apply, (i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (iii) the issue in the first action must have been completely, fully, and fairly litigated; and (iv) the first suit must have resulted in a final judgment on the merits.

*Id*. ¶ 22 (quotation simplified). We also noted that while issue preclusion "was not a basis" for the district court's dismissal, we could in theory affirm on this as an alternative basis if the grounds for doing so were apparent from the record. *Id.* ¶ 21. But we declined to do so. We observed that there was "possible merit" to Wakefield's "contention that the dismissal without prejudice clearly was not intended to permit Haskell to disregard and ignore the adverse rulings" from the Tooele Case "and start over before a new judge." *Id.* (quotation simplified). We then observed, however, that even if "the on the merits prong of the issue

---

3. We also acknowledged "some inconsistency" between the district court's oral ruling from the prior case (which indicated that just some of Haskell's claims were barred) and its written ruling (which dismissed each of the claims without prejudice). *Haskell I*, 2021 UT App 123, ¶ 18, 500 P.3d 950. But we determined that this ultimately did not matter because, "where a court's oral ruling differs from a final written order, the latter controls." *Id.* ¶ 19 (quotation simplified).

preclusion analysis" was satisfied, "the remaining prongs" of issue preclusion "require[d] further consideration" by the district court. *Id.* (quotation simplified). We accordingly declined to rule on this basis and instead remanded for further proceedings. *See id.* ¶ 23.[4]

*Haskell's Second Case Is Remanded*

¶14    On remand, Wakefield filed another motion to dismiss, again asserting issue preclusion. Haskell opposed the motion, and in doing so, she only challenged the application of the fourth element of issue preclusion (which, again, is whether there was a "final judgment on the merits" in the earlier case). In Haskell's view, *Haskell I*'s conclusion that the dismissal without prejudice from the Tooele Case did not qualify as a "final judgment on the merits" for purposes of *claim* preclusion applied with equal force to the identically worded element of *issue* preclusion.

¶15    The district court disagreed. The court issued a written ruling in which it concluded that the "final judgment on the merits" element of issue preclusion means something different than the similarly phrased element from claim preclusion. The court then ruled that although the dismissal in the Tooele Case

_____

4. To avoid any potential confusion moving forward, we note that in the opinion we've just discussed, we referred to the earlier litigation from Tooele as *Haskell I*. But as noted, that litigation didn't result in an appeal. To remain consistent with appellate norms (under which the roman numeral appellation typically attaches to a decision from an appeals court), and to avoid inconsistencies with how we refer to other district court proceedings between these parties that are also discussed in this opinion, we've chosen to refer to the Tooele litigation as the Tooele Case, *see supra* ¶ 3, thus reserving the *Haskell I* label for the appellate decision that resolved the claim preclusion issues.

was without prejudice, that dismissal still qualified as a final judgment on the merits for purposes of issue preclusion.

¶16 The district court then identified seven issues that, in its view, were fully and fairly litigated in *Haskell I*. These included:

- whether Wakefield had standing to maintain a debt collection action;

- whether Haskell had standing to maintain a private cause of action for alleged UCAA violations;

- whether Wakefield's alleged violation of the UCAA's registration requirement could support a claim for violation of the UCSPA;

- whether Wakefield's alleged misrepresentation to Haskell about its registration status under the UCAA was a per se deceptive practice;

- whether a Utah court had authority to declare Wakefield's judgments against Haskell void;

- whether Wakefield should be ordered to disgorge money it had collected while an unregistered debt collector; and

- whether the parties had entered into an enforceable settlement agreement.

¶17 Having concluded that these issues were now settled under the issue preclusion doctrine, the district court then concluded that Haskell was not entitled to relief on any of her claims. It accordingly dismissed the case with prejudice.

ISSUE AND STANDARD OF REVIEW

¶18 Haskell appeals the district court's decision to dismiss her case—and, more particularly, the court's conclusion that issue preclusion prevented her from relitigating certain issues that were decided in the Tooele Case. The question of whether "issue preclusion bars litigation in a subsequent action is a question of law that is reviewed for correctness on appeal." *Kuhar v. Thompson Mfg., Inc.*, 2024 UT 12, ¶ 14, 552 P.3d 174.

ANALYSIS

¶19 Haskell challenges the district court's conclusion that issue preclusion applies to this case and, thus, that the doctrine prevented her from relitigating certain issues that had previously been litigated in the Tooele Case.

¶20 As we recognized in the prior appeal, the elements of issue preclusion are:

> (i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (iii) the issue in the first action must have been completely, fully, and fairly litigated; and (iv) the first suit must have resulted in a final judgment on the merits.

*Haskell I*, 2021 UT App 123, ¶ 22, 500 P.3d 950 (quotation simplified).

¶21 Haskell does not challenge the district court's conclusions on the first three elements. Of particular note, even though the district court identified a series of issues that it believed had been

fully and fairly litigated in the Tooele Case, Haskell does not challenge those conclusions in this appeal.

¶22 Instead, Haskell only challenges the district court's conclusion that the fourth element had been satisfied. In Haskell's view, the phrase "final judgment on the merits" means the same thing for purposes of issue preclusion that it means for claim preclusion.[5] Because the dismissal in the Tooele Case was without prejudice, and because we held in *Haskell I* that a dismissal without prejudice does not satisfy the "final judgment on the merits" element of claim preclusion, Haskell asks us to now hold that the identically worded fourth element of issue preclusion was not satisfied either. But we disagree with Haskell's view of how this element of issue preclusion operates.

¶23 The starting place for our analysis is our supreme court's treatment of this very question in *Oman v. Davis School District*, 2008 UT 70, 194 P.3d 956. Because of the centrality of that decision to our analysis, we recount its background at some length.

¶24 In *Oman*, an employee of a school district was fired, after which he sued the school district and several district employees in federal court. *See id.* ¶¶ 10–11. In his suit, the employee raised a claim under 42 U.S.C. section 1983, and pursuant to the federal court's supplemental jurisdiction, he also raised state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, defamation, and violation of a Utah statute governing the termination of school district employees. *See id.* ¶¶ 11, 15. The federal district court subsequently granted the defendants' request for summary judgment on the section 1983 claim. *See*

---

5. As noted, the third element of claim preclusion is that "the first suit must have resulted in a final judgment on the merits." *Mack v. Utah State Dep't of Com.*, 2009 UT 47, ¶ 29, 221 P.3d 194 (quotation simplified).

*id.* ¶ 11. As part of that decision, the federal court "made several findings and conclusions" about an employment agreement between the employee and the school district, and the court also concluded that there had been "a sufficient basis for termination for cause." *Id.* ¶ 15 (quotation simplified). After the federal district court "disposed of the § 1983 claim over which it had subject matter jurisdiction," it then "declined to exercise supplemental jurisdiction over [the employee's] remaining state law claims and dismissed them without prejudice." *Id.* ¶ 16.

¶25    The next year, the employee filed a complaint in state court in which he pleaded the same state causes of action that had been dismissed without prejudice by the federal district court. *See id.* ¶ 12. The state district court later granted summary judgment to the defendants on multiple grounds. *See id.* ¶ 17. One of them was the court's conclusion that "under the doctrine of issue preclusion, it was bound by" the federal district court's determinations—including its determination that the employee "was properly terminated for cause." *Id.*

¶26    The employee appealed. On appeal, the Utah Supreme Court affirmed the district court's conclusion that issue preclusion applied. The supreme court recited the same four elements for issue preclusion that we recited above—including the fourth element, which requires a showing that "the first suit . . . resulted in a final judgment on the merits." *Id.* ¶ 29 (quotation simplified). The supreme court then noted that the employee was arguing that "there was no final adjudication because the federal court dismissed his state law breach of contract claim 'without prejudice.'" *Id.* ¶ 30. The very next sentence reads: "In making *this argument*, [the employee] confuses issue preclusion with claim preclusion." *Id.* ¶ 31 (emphasis added). The court then drew a distinction between claim preclusion and issue preclusion. It noted that while "claim preclusion corresponds to causes of action, issue preclusion corresponds to the facts and issues underlying causes of action." *Id.* The court reemphasized that

issue preclusion "prevents the relitigation of issues that have been once litigated and determined in another action." *Id.* (quotation simplified). The court then held that the "issue of whether" the school district had violated the employee's contractual rights by terminating him "was squarely before the federal court, was litigated by the parties, and was necessary to the court's final judgment on the § 1983 claim." *Id.* ¶ 32. As a result, the supreme court held that the federal court's "findings and conclusions [were] binding in subsequent actions under the doctrine of issue preclusion." *Id.*

¶27 In this appeal, Haskell is claiming that a dismissal without prejudice cannot satisfy the "final judgment on the merits" element of issue preclusion. But in *Oman*, our supreme court held that by arguing that there "was no final adjudication because the federal court dismissed his state law breach of contract claim 'without prejudice,'" the employee was "confus[ing] issue preclusion with claim preclusion." *Id.* ¶¶ 30–31. This analysis and this outcome seem directly at odds with Haskell's argument.

¶28 In her reply brief, Haskell nevertheless suggests that "some of [the employee's] claims" in *Oman* had actually been "dismissed *with prejudice* in the first suit," which, in her view, is how issue preclusion's fourth element was satisfied in that case. (Emphasis in original.) But Haskell didn't identify which issues she was referring to, nor did she provide any citation to support this assertion. Regardless, it does seem that Haskell is correct up to a point. The federal district court's ruling from *Oman* is publicly available, and the federal court said in that ruling that it was dismissing the section 1983 claim with prejudice. *See Oman v. Davis School Dist.*, 2005 WL 8176568, at *6 (D. Utah May 12, 2005).

¶29 But contrary to Haskell's view, it does not appear to us that the Utah Supreme Court thought that the *with prejudice* aspect of the dismissal of the section 1983 claim is what satisfied issue preclusion's fourth element. Indeed, although the supreme court

expressly flagged the fourth element as being at issue on appeal, the phrase "with prejudice" doesn't appear even a single time in the supreme court's opinion. Instead, we had to track down the federal district court's ruling ourselves to discover this possible predicate for this alleged analytical connection. If the supreme court meant for the *with prejudice* dismissal to be part of the legal answer to this question, it would be curious that the court didn't think to say so.

¶30    Regardless, to the extent that *Oman* left this in some doubt, several things persuade us that, even though claim preclusion requires a dismissal with prejudice to satisfy its "final judgment on the merits" element, issue preclusion does not.

¶31    First, the supreme court in *Oman* drew a distinction between claim preclusion (which, it explained, determines whether an individual cause of action can be relitigated) and issue preclusion (which, it explained, determines whether individual issues can be relitigated). *See Oman*, 2008 UT 70, ¶ 31. Addressing issue preclusion in particular, the court emphasized that its three "purposes" are "(1) preserving the integrity of the judicial system by preventing inconsistent judicial outcomes; (2) promoting judicial economy by preventing previously litigated issues from being relitigated; and (3) protecting litigants from harassment by vexatious litigation." *Id.* ¶ 28 (quotation simplified).

¶32    In our view, these purposes would be undermined if courts were to allow relitigation of issues that had been "completely, fully, and fairly litigated" before (which is issue preclusion's third element) simply because the prior dismissal had been entered without prejudice. Such a rule would facilitate inconsistent outcomes, weaken judicial economy, and enable harassment and vexatious litigation, which are the very concerns that issue preclusion seems designed to forestall.

¶33    Second, the Restatement has expressly recognized that as a general matter, there is a "distinction . . . between finality for purposes of merger and bar and finality for purposes of issue preclusion." Restatement (Second) of Judgments § 27 cmt. k (Am. L. Inst. 1982).[6] The Restatement further posits that "for purposes of issue preclusion (as distinguished from merger and bar), 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Id.* § 13.

¶34    Of note, our supreme court seems to have recognized that there is some distinction between the two concepts as well. In *Amundsen v. University of Utah*, the court initially held that the finality elements of claim preclusion and issue preclusion are both "the same" in that they're both grounded in rule 41 of the Utah Rules of Civil Procedure. 2019 UT 49, ¶ 25 n.7, 448 P.3d 1224. But the court then recognized that there's also a subtle distinction— namely, that "issue preclusion requires a final judgment on the merits with respect to an identical issue," while "claim preclusion requires a final judgment on the merits with respect to a claim that was presented or could and should have been raised in the prior proceeding." *Id.* Thus, although these elements are indeed worded identically, *Amundsen* and the Restatement have both recognized that they can (and indeed do) function differently.

¶35    Third, it "is widely recognized" by other courts that have examined the question of how these elements function differently "that the finality requirement is less stringent for issue preclusion than for claim preclusion." *Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000); *see also Garcia v. Prudential Ins. Co. of Am.*, 293 P.3d 869, 874 n.7 (Nev. 2013) (same). For example, the Idaho Supreme Court has held that "while a judgment may not be final for

_____

6. The Restatement's reference to "merger and bar" is understood to mean claim preclusion. *See* Restatement (Second) of Judgments § 27 cmt. k (Am. L. Inst. 1982).

purposes of merger and bar (i.e., claim preclusion), it may be final for purposes of issue preclusion." *Eastern Idaho Agric. Credit Ass'n v. Neibaur*, 987 P.2d 314, 320 (Idaho 1999) (quotation simplified). And the Restatement likewise posits that "litigation may have reached a stage at which issue preclusion is appropriate even though claim preclusion . . . is not." Restatement (Second) of Judgments § 27 cmt. k.

¶36   Fourth, under rule 41(b) of the Utah Rules of Civil Procedure, a dismissal for lack of jurisdiction does not "operate[] as an adjudication on the merits." As a result, it functions as a dismissal without prejudice. *See Holmes v. Cannon*, 2016 UT 42, ¶¶ 8–10, 387 P.3d 971. But even so, our supreme court has recognized that issue preclusion still applies if a prior case was dismissed for lack of jurisdiction, even though such a dismissal was entered without prejudice. *Amundsen*, 2019 UT 49, ¶ 26. Other courts under similar jurisdictional schemes have held the same. *See, e.g., National Ass'n of Home Builders v. EPA*, 786 F.3d 34, 41 (D.C. Cir. 2015); *Jarvis v. Nobel/Sysco Food Services Co.*, 985 F.2d 1419, 1424–25 (10th Cir. 1993) (holding that an earlier dismissal "without prejudice on jurisdiction grounds" satisfied the "requirements of issue preclusion"); *Wood v. Sellers*, No. 21-13359, 2022 WL 2388428, at *2 (11th Cir. July 1, 2022) (noting that "it is hornbook law that, when a suit is dismissed on jurisdictional grounds," the "judgment remains effective to preclude relitigation of the precise issue of jurisdiction . . . that led to the initial dismissal" (quotation simplified)).

¶37   Fifth, drawing on these principles, many cases have thus expressly held that a dismissal with prejudice is *not* required to satisfy the finality element of issue preclusion. In *Mendenhall v. City of Indianapolis*, for example, the Indiana Court of Appeals considered a case very much like *Oman*—namely, a federal district court had made certain rulings as part of its dismissal of a section 1983 suit, after which it dismissed related state law claims without prejudice. 717 N.E.2d 1218, 1225–26 (Ind. Ct. App. 1999).

When the plaintiff later refiled similar claims in state court, the state district court held that the federal district court's rulings on certain issues had preclusive effect. *See id.* at 1225. On appeal, the plaintiff later argued that issue preclusion did not apply because the state law claims had been "dismissed without prejudice" by the federal district court. *Id.* But the court of appeals disagreed, holding that the plaintiff's argument "apparently confus[ed] *issue* preclusion with *claim* preclusion." *Id.* (emphases in original).

¶38      In *Germain Real Estate Co. v. HCH Toyota, LLC*, the Eighth Circuit likewise held that under Arkansas Law, a prior dismissal without prejudice was "sufficiently firm" so as "to be considered final for purposes of issue preclusion." 778 F.3d 692, 696 (8th Cir. 2015). And other courts have agreed with this general principle as well. *See, e.g.*, *Garcia*, 293 P.3d at 874 n.7 (noting that the cases the party cited for the purpose of arguing "that a dismissal without prejudice [was] not an adjudication on the merits [were] cases dealing with claim preclusion and not issue preclusion"); *Bank of N.Y. v. Romero*, 382 P.3d 991, 995 (N.M. Ct. App. 2016) ("Although both doctrines may be implicated in a single case, we note that a designation of a dismissal as being 'with prejudice' is relevant in a *claim* preclusion analysis but not in an *issue* preclusion analysis." (emphases in original)).

¶39      Returning to this appeal, the weight of authority from both prior Utah cases and elsewhere has persuaded us that although the tests for issue preclusion and claim preclusion both include a "final judgment on the merits" element, those elements function differently. And more particularly, we're persuaded that while claim preclusion requires an earlier dismissal *with* prejudice, issue preclusion requires a less stringent version of finality that can be satisfied by an earlier dismissal *without* prejudice. Because this was the sole basis for Haskell's challenge to the district court's ruling on issue preclusion, we affirm the district court's conclusion that issue preclusion applied in this case. And because

Haskell has not challenged the dismissal of her suit on any other ground, we affirm that dismissal as well.[7]

## CONCLUSION

¶40    The district court concluded that issue preclusion prevented Haskell from relitigating certain issues that had been decided in a prior case. We affirm that conclusion as well as its resultant dismissal of the case.

─────────

─────────

7. In its brief, Wakefield argues that Haskell's appeal was frivolous, and it accordingly asks us to award attorney fees pursuant to rule 33 of the Utah Rules of Appellate Procedure. While Wakefield has prevailed in this appeal, we don't believe that the outcome was so obvious that Haskell's appeal should be regarded as frivolous. We accordingly deny Wakefield's request for appellate attorney fees.